UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALE MILLER** | **CIVIL ACTION NO. 6:14-1793** |
| **LA. DOC #479248** | |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **LOUISIANA STATE PENITENTIARY** | **MAGISTRATE JUDGE HILL** |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Dale Miller ("Miller") filed the instant petition for federal *habeas corpus* relief on June 20, 2014. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. By this proceeding, Miller attacks his 2004 conviction for second degree murder for which he is serving a life sentence imposed by the Fifteenth Judicial District Court for Lafayette Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

<u>LAW AND ANALYSIS</u>

This court's records demonstrate that petitioner has filed two previous federal petitions for writ of *habeas corpus* in which he attacked this same conviction and sentence. *Dale Miller v. Burl Cain, Warden*, No. 6:07-cv-0798 (W.D. La. 2007)*; Dale Miller v. Louisiana State Penitentiary*, No. 6:11-cv-1764 (W.D. La. 2011).

The first petition was denied and dismissed with prejudice on August 26, 2008, each of petitioner's claims having been addressed on the merits. *Dale Miller v. Burl Cain, Warden*, No. 6:07-cv-0798, doc. 20. Miller's request for a Certificate of Appealability was denied by the United States Fifth Circuit Court of Appeals on July 29, 2009. *Id*. at doc. 31, *Miller v. Cain*, No. 08-30875 (5th Cir. 2009). Petitioner's subsequent Motions, all of which were filed in 2013, four years after the case had been closed, were denied on September 23, 2013.

On January 5, 2010, Miller filed a *pro se* motion seeking authorization to file a second *habeas* petition in the Fifth Circuit Court of Appeals. On January 6, 2010, Miller was ordered to file a "proper motion" within 30 days. On February 11, 2010, his motion was dismissed for failing to comply with the Fifth Circuit's order. *In re: Dale Robin Miller*, No. 10-30007 (5th Cir. 2010).

The second petition was filed on September 23, 2011. That petition was ultimately stricken by this Court because petitioner failed to pay this Court's filing fee and failed to file the petition utilizing this Court's standardized form. *Dale Miller v. Louisiana State Penitentiary*, No. 6:11-cv-1764, rec. doc. 14. Petitioner's Motions filed in connection with that petition were denied that same date. *Id*. at doc. 14. Petitioner's February 20, 2013 Motion to Re-open and Reinstate that case was denied on May 22, 2013. *Id*. at docs. 15 and 16.

On March 8, 2013, Miller filed a *pro se* pleading in the Fifth Circuit Court of Appeals, which was construed as a motion seeking authorization to file a second *habeas*

2

petition. Authorization was denied on April 18, 2013 for failure to comply with the Fifth Circuit's order. The case was re-opened on December 9, 2013. On February 20, 2014, Miller's motion for authorization was denied. *In re: Dale Robin Miller*, No. 13-30230 (5th Cir. 2014).

Undaunted by the Fifth Circuit's denial of authorization, Miller filed the instant petition for federal *habeas corpus* relief on June 20, 2014. In this petition, Miller again seeks to attack his 2004 second degree murder conviction for which he is serving a life sentence.

This is Miller's third attempt to collaterally attack, in this Court, his Louisiana state court conviction and the sentence imposed by the Fifteenth Judicial District Court for Lafayette Parish, Louisiana, which was the subject of his two previous federal petitions. The instant action is therefore unquestionably a § 2254 action which, under 28 U.S.C. § 2244, is "second or successive".[1]

---

[1]The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").
    The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.
    The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

The petition attacks the same conviction and sentence that was the subject of Miller's two previous petitions. The claims raised herein either were or could have been raised in the previous petitions. Moreover, Miller's first petition was adjudicated on the merits, and was denied and dismissed with prejudice by this Court.

As Miller is obviously aware, given his two prior attempts to obtain authorization from the Fifth Circuit, before a second or successive petition may be considered by this court, petitioner must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[2] The record does not show in this case that petitioner has received such authorization. To the contrary, this Court's records and those of the Fifth Circuit demonstrate that the Fifth Circuit has expressly denied petitioner such authorization. *See In re: Dale Robin Miller*, No. 10-30007, (5th Cir. 2010); *In re: Dale Robin Miller*, No. 13-30230 (5th Cir. 2014); *In re: Barred 28:2254 Petition*, 5:00-mc-0002 (W.D. La.), rec. docs 114 and 147. Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit.

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Therefore, the undersigned finds that this petition should be dismissed.[3] Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it

---

[3] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). The Fifth Circuit has already denied petitioner authorization to file a second or successive federal *habeas corpus* petition. Accordingly, under these circumstances, it would serve no purpose for this court to transfer this petition to the Fifth Circuit for additional review. Therefore, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

      In Chambers, Lafayette, Louisiana, on August 5, 2014.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

```
Copy sent:   RTH
On:   8/5/2014
By:   MBD
```